MOLLIE GELINE EIKEN v. ANDREW EIKEN.

May 4, 1900.

Nos. 12,107—(82).

**Support of Stepchildren not Gratuitous.**

Where the stepfather has charge of the family, and the mother's children are provided for by both father and mother, there is no presumption that such support is gratuitous on his part. Unke v. Dahlmier, 78 Minn. 320, followed.

**Findings Sustained.**

Evidence considered, and *held* amply sufficient to support the findings of the trial court; also that the findings of fact sustain the conclusions of law.

From an order of the probate court for Polk county made on the final account of Andrew Eiken, as guardian of Mollie Geline Eiken, a minor, the ward appealed to the district court for said county. In the district court the appeal was heard before C. L. Brown, J., who made findings, as stated in the opinion, and ordered that the order of the probate court be reversed, and the guardian be discharged from further liability. From an order, Watts, J., denying a motion for a new trial, the ward appealed. Affirmed.

*Ole J. Vaule,* for appellant.

*R. J. Montague,* for respondent.

LOVELY, J.[1]

This controversy arises upon an order of the district court on a hearing of an appeal from the probate court made upon a guardian's account, in which the conduct of such guardian and his entire management of the ward's estate were fully investigated, and determined in his favor by findings of the trial judge. As we

[1] BROWN, J., having when district judge heard the case, took no part.

view the questions presented on this appeal, it only becomes necessary to inquire whether the finding of the trial court is supported by the evidence.

It appears that defendant, who was the uncle of appellant, was appointed her guardian, upon the death of her father; but soon after, believing it would best subserve the interests of the child, placed her in the charge of one Christianson, who had married her mother subsequent to her father's death. For six years or more, Christianson and her mother had charge of the child, with the consent of the defendant guardian, and undoubtedly for the child's best interests. Christianson and the mother also had actual control of the ward's property and its assets until Christianson died, and the mother was appointed her guardian in place of defendant, and now joins with the ward in questioning the disposition of so much of the estate as has been used—very much of it for the child by her mother and the husband. The guardian claims, under the proofs, that against the attempt to charge him with the appropriation of the ward's property he may offset a reasonable claim for her maintenance, and for expenditures upon her estate, made by the Christiansons, as his agents, for the support of his ward, and to benefit her property. We think there is no doubt as to the right of the guardian to have his account settled by making proper charges for her support against the amount of the child's property, which the stepfather had, and used, presumably, for her benefit, while taking care of her. In such a case the stepfather is the head of the family, and, although he and the mother take care of the children, there is no presumption that such support is gratuitous on his part. Unke v. Dahlmier, 78 Minn. 320, 80 N. W. 1130.

There was ample evidence to sustain the findings of the trial court to the effect that the charges and claims made by the guardian were reasonable, and were rightfully allowed.

There is no merit in any further assignments of error, and the order appealed from is affirmed.